UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG JAMES SANFORD, | ) |
| | ) No. CV-09-3059-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 24, 2010 (Ct. Rec. 15, 24). Attorney D. James Tree represents plaintiff. Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 5). On June 16, 2010, plaintiff filed a reply (Ct. Rec. 28). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (Ct. Rec. 24) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 15).

**JURISDICTION**

Plaintiff protectively applied for supplemental security

income (SSI) on January 24, 2005[1], alleging onset as of April 23, 2001, due to "[lower extremities] edema, legs are shot, limited mobility," knee pain, venous insufficiency, degenerative joint disease, obesity, hypertension, hyperlipidemia, and a history of gout (Tr. 62-64, 72, 124, 126, 129, 479). The application was denied initially and on reconsideration (Tr. 43-44, 47-50). At a hearing before Administrative Law Judge (ALJ) Paul Gaughen on July 25, 2007, plaintiff, represented by counsel, and a vocational expert testified (Tr. 474-494). On August 20, 2007, the ALJ issued an unfavorable decision (Tr. 15-25). The Appeals Council denied review on April 15, 2009 (Tr. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 12, 2009 (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of the parties, and are summarized here where relevant.

Plaintiff was 48 years old when he filed his current application and 51 at the 2007 hearing (Tr. 23, 478, 487). Plaintiff graduated from high school and completed one quarter of community college, has never married, and lives alone (Tr. 21, 76, 180, 326, 384, 478-479). Mr. Stanford worked as a garbage

---

[1]Plaintiff filed a previous application on January 23, 2002 (Tr. 278-281). The court's discussion is limited to the current application, except where noted with respect to plaintiff's *Chavez* res judicata claim.

collector, fast food worker, and general laborer/construction worker (Tr. 73-74, 81-82, 88-91, 95). In February 2005 he reports he worked at a fair for ten days and as a bell ringer for a month (Tr. 95, 483-486).

Mr. Sanford does not drive because he does not own a car and has no license. He rides the bus or his bike daily. Six days a week plaintiff has coffee or soda in the morning with friends at fast food restaurants (Tr. 96, 101, 227, 480-481). He likes to ride the bus all over town. Plaintiff spends a couple of hours in the library 3-4 times a week (Tr. 96, 101, 327). He cooks, does laundry, and mops. He enjoys watching soccer in the parks and going to local lakes (Tr. 99, 101, 328). Mr. Sanford quit drinking three and a half years before the 2007 hearing. He attends AA occasionally (Tr. 486).

Plaintiff cannot stand or walk very long because he experiences swelling and his legs and joints give out (Tr. 72, 98, 102). He can stand 5-10 minutes twice a day, walk 100 yards twice a day, and carry 20 pounds (Tr 479, 486). He wears therapeutic stockings (Tr. 479). At times he suffers depression and anxiety (Tr. 482).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a

disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from

performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not
disabled will be upheld if the findings of fact are supported by
substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
1119 n. 10 (9th Cir. 1975), but less than a preponderance.
*McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);
*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
573, 576 (9th Cir. 1988). Substantial evidence "means such
evidence as a reasonable mind might accept as adequate to support
a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
(citations omitted). "[S]uch inferences and conclusions as the
[Commissioner] may reasonably draw from the evidence" will also be
upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On
review, the Court considers the record as a whole, not just the
evidence supporting the decision of the Commissioner. *Weetman v.
Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v.
Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

   It is the role of the trier of fact, not this Court, to
resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If
evidence supports more than one rational interpretation, the Court
may not substitute its judgment for that of the Commissioner.
*Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579
(9th Cir. 1984). Nevertheless, a decision supported by substantial
evidence will still be set aside if the proper legal standards
were not applied in weighing the evidence and making the decision.
*Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,
433 (9th Cir. 1987). Thus, if there is substantial evidence to

support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found Mr. Sanford has not engaged in substantial gainful activity since onset on April 23, 2001 (Tr. 17). At steps two and three, he found plaintiff suffers from obesity and venous stasis causing some lower extremity edema, impairments that are severe but which do not meet or medically equal a Listed impairment (Tr. 17, 20). At step four, relying on the VE, ALJ Gaughen found plaintiff cannot perform his past relevant work (Tr. 23, 488). At step five, again relying on the VE, he found plaintiff can work at other jobs, such as parking lot attendant, basket filler, and bench assembler (Tr. 24, 488). Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 24-25).

## ISSUES

Plaintiff contends the Commissioner erred at step two by failing to find Mr. Sanford suffers severe psychological impairments. Citing *Chavez*, plaintiff contends the ALJ failed to apply res judicata as required with respect to a 2003 decision limiting Mr. Sanford to sedentary work. And plaintiff alleges the ALJ failed to include all of Mr. Sanford's impairments in a hypothetical (Ct. Rec. 13 at 13-19). The Commissioner responds the ALJ's decision is supported by the evidence and free of error, including ALJ Gaughen's step two and RFC determinations. He asks the Court to affirm (Ct. Rec. 25 at 4-23).

**DISCUSSION**

**A. Weighing medical evidence - standards**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate

reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Step two**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). If an

- 9 -

adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F.3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F.3d at 687; *see also Yuckert*, 841 F.2d at 306.

The procedural history is significant. At the hearing in 2003, expert Norman Gustavson testified although plaintiff at times has been diagnosed with schizoid personality disorder, the basis for the diagnosis is unclear and there is nothing in the record to substantiate it (Tr. 463, 467). Accordingly, he recommended the ALJ refer plaintiff for a comprehensive assessment, including MMPI and MAST (substance abuse) testing (Tr. 468-469). At the hearing Mr. Sanford conferred with counsel. Thereafter, plaintiff's attorney told the ALJ Mr. Sanford is "not going to do the assessment" (Tr. 470). At the most recent hearing in 2007, the ALJ asked initially if updated behavioral health and clinical records were obtained. Counsel replied "we have everything that's out there" (Tr. 475).

Plaintiff argues at step two the ALJ should have found Mr. Sanford suffers from the severe psychological impairments of

- 10 -

schizoid personality disorder and anxiety (Ct. Rec. 16 at 16; 28 at 6-7). The Commissioner responds the ALJ properly found plaintiff's psychological conditions are not severe because Christopher Clark, M.Ed., LMCH, is not an acceptable diagnostic source. In addition, in the past Mr. Clark diagnosed plaintiff with malingering, and has opined plaintiff appeared motivated by secondary gain rather than a desire to obtain mental health treatment[2] (Ct. Rec. 25 at 4-9).

Plaintiff relies on Mr. Clark's April 2007 evaluation. Mr. Clark points out plaintiff does not endorse significant symptoms of depression. He has not taken psychotropic medication in many years and, in any event, did not find it helpful (Tr. 177). Plaintiff sees his primary doctor every two months, feels his general health is good, meditates to manage anxiety, says nothing has changed in his life, and he does not feel stressed (Tr. 177-178). Intellectual functioning is average, hygiene adequate, speech and body movement normal, judgment fair, and cognition intact (Tr. 178-179). Plaintiff is bored by repetitive tasks (Tr. 181) and appears unstressed by his lack of social support. Mr. Clark describes plaintiff as guarded and evasive, noting Mr. Sanford "continues to be invested in receiving long-term disability benefits" (Tr. 178). Mr. Clark diagnosed dysthymia, early onset, moderate, anxiety disorder NOS, personality disorder NOS, and alcohol abuse in reported remission (Tr. 180). His

---

[2]Since 1986 mental health services have been closed at intake as "not needed" (Tr. 20, 348, Ex. B5F). In 1998 plaintiff complained at intake he did not see why he couldn't "get a crazy check like them other guys," so he came down here [to Central Washington Comprehensive Mental Health] to give it a try (Tr. 349).

assessed GAF of 48 indicates serious symptoms or functional impairment (Tr. 181). Because Mr. Sanford did not meet "access to care criteria" for behavioral health services, Mr. Clark notes he is terminated at intake (Tr. 181). Mr. Clark assessed severe, marked, and moderate limitations (Tr. 183-184). He opined while plaintiff is "not exactly malingering in nature," he is very inadequate in areas of social and occupational functioning with a very poor prognosis (Tr. 185). Mr. Clark conducted this 2007 evaluation at the request of Mr. Sanford's attorney (Tr. 177).

Mr. Clark also assessed plaintiff in 2002 (Tr. 384-387) and 2006 (Tr. 139-142, corrected version at Tr. 161-164). After the 2002 evaluation, Mr. Clark noted plaintiff was "openly invested in securing supportive disability benefits and asking if his present complaints warrant[ed] a completely disabling condition" (Tr. 385). He quits jobs or gets fired due to insubordination or lack of attendance (Tr. 384), is not interested in mental health treatment, and takes no prescribed psychotropic medication (Tr. 387). Mr. Clark diagnosed malingering and continuous alcohol dependence, among other disorders. He opined plaintiff "probably doesn't have the ability to maintain employment" (Tr. 387).

The ALJ considered plaintiff's credibility when he weighed the conflicting evidence of psychological impairment.

## C. Credibility

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him generally credible, but noted his described daily activities are not as limited as expected given complaints of disabling symptoms and limitations (Tr. 22-23). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with

conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on plaintiff's activities inconsistent with the degree of limitation alleged (Tr. 22-23). Plaintiff testified he rides his bike, rides the city bus daily for 3 to 5 hours, is friends with the bus drivers, goes to the library, cooks dinner, and watches television. He can pick up and carry about 20 pounds. He worked for 8 or 9 days at the fair in early fall and for the Salvation Army for more than a month during the winter (Tr. 21-23). The ALJ observes plaintiff's testimony he is unable to work due to his weight and "physically unable to work" is inconsistent with his daily activities (Tr. 21-22). Activities inconsistent with claimed disabling impairments diminish credibility. *Thomas v.*

*Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002).

The ALJ properly considered plaintiff's diagnosed malingering and repeated references to secondary gain motivation when he assessed credibility (Tr. 19-22), additional factors an ALJ can consider. *Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Although not required given the evidence of malingering, the ALJ's reasons supporting his credibility assessment clear, convincing, and supported by substantial evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff fails to meet his burden at step two of establishing he suffers from a severe mental impairment. He failed to undergo MMPI or MAST testing, objective testing to clarify the existence of a severe mental impairment. He does not receive (and is ineligible to receive) mental health treatment. He takes no psychotropic medications. The ALJ's step two finding is fully supported by the record.

To the extent treating, examining and reviewing professionals assess mental limitations, the ALJ properly rejects them as contradicted by plaintiff's own testimony (i.e., Mr. Clark reports plaintiff is phobic in social situations, contrary to Mr. Sanford's testimony and disability report stating he rides the bus daily and is friends with the drivers (Tr. 23, Exhibit B3F).

The ALJ notes plaintiff has not required any professional mental health treatment, nor was it recommended after repeated evaluations (Tr. 20). The lack of mental health treatment is another specific legitimate reason to discredit assessed severe, marked and moderate limitations. *See Burch v. Barnhart*, 400 F.3d 676 (9th Cir. 2005); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

- 14 -

To the extent the ALJ rejected the contradicted opinions of some of the professionals, his reasons are legitimate, specific, and supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)(the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating or examining physician's contradicted opinion).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's step two determination is supported by the record and free of error.

**D. Chavez**

Citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), plaintiff alleges the ALJ erred when he assessed an RFC for a range of light work. Plaintiff alleges ALJ Gaughen was bound by another ALJ's 2003 decision limiting Mr. Sanford to sedentary work (Ct. Rec. 16 at 13-16), a determination which, if credited, would dictate a finding of disability pursuant to Rule 201.12 of the Medical-Vocational Guidelines (Grids). The Commissioner responds ALJ Gaughen was not bound by the earlier determination essentially because circumstances changed between the two decisions, namely, plaintiff's condition improved (Ct. Rec. 25 at 14-19).

"The principles of res judicata apply to administrative

decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). An ALJ's finding that a claimant is not disabled creates a presumption of nondisability. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). The presumption does not apply, however, if there are changed circumstances. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). A previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008), *citing Chavez*, 844 F.2d at 694.

In this case the ALJ elected not to open the prior application. Mr. Clark evaluated plaintiff twice after the 2003 decision. Records from treatment providers, including plaintiff's primary doctor, Dr. Shah, are dated after the 2003 decision. These records necessarily presented new and material information not presented to the first ALJ. *See Stubbs*, 539 F.3d at 1173. ALJ Gaughen was not required to give the 2003 RFC for sedentary work preclusive effect in light of the new and material information.

**E. Hypothetical**

Plaintiff next alleges the ALJ should have included mental limitations in his hypothetical. This restates the step two argument previously addressed (Ct. Rec. 16 at 18).

Plaintiff asserts the ALJ should have limited him to sedentary work as assessed by "the treating doctors" and consultants (Ct. Rec. 16 at 18). The ALJ weighed the evidence and rejected opinions contradicted by plaintiff's admitted activities

and capabilities. An "ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2003). The ALJ's assessment of plaintiff's physical capabilities and the medical opinions is supported by the record as a whole and free of error.

The record supports ALJ Gaughen's step two, credibility, and RFC determinations. His decision is based on substantial evidence and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 24)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, **enter judgment in favor of Defendant**, and **CLOSE** the file.

DATED this 10th day of September, 2010.

s/ James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

- 17 -